```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION

WAYNE WEAVER,                    §
                                 §
     Plaintiff,                  §
                                 §
v.                               §    CIVIL ACTION NO. 4:11-1095
                                 §
ZURICH INSURANCE COMPANY,        §
                                 §
     Defendant.                  §
```

MEMORANDUM AND ORDER

Pending is Plaintiff Wayne Weaver's Motion for Remand, Motion to Strike the Affidavit of Thomas A. Culpepper and Motion for Sanctions (Document No. 5). After having considered the motion, response, and applicable law, the Court concludes that the motion should be granted for the reasons that follow.

I. Background

This is a declaratory judgment action that was previously removed and remanded, and now Defendant Zurich has removed it a second time. Plaintiff Wayne Weaver ("Weaver") is an insurance agent covered by an "Insurance Agent's Errors and Omissions Liability Policy" issued by Zurich. In early 2009, Plaintiff was sued in state court based on alleged conduct related to his insurance sales. See Keri Tedford a/n/f Teddy Ashford v. Wayne Weaver and First Fin. Res., LLC, No. 2009-11223 (165th Dist. Ct., Harris County, Tex. filed Feb. 23, 2009) (the "Underlying

Litigation"). After demanding that Zurich defend him in the Underlying Litigation, Weaver filed this suit in state court on March 24, 2010, seeking a declaratory judgment that Zurich owed him a defense in the Underlying Litigation.[1]

Zurich removed the suit to federal court in May, 2010, based on diversity jurisdiction under 28 U.S.C. § 1332. Weaver v. Zurich ("Weaver I"), No. 4:10-CV-01813, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010) (Ellison, J.). Judge Keith Ellison remanded the case because of Zurich's failure to prove that the amount in controversy regarding its duty to defend, the only duty for which Weaver sought a declaratory judgment, exceeded $75,000.00, and because Judge Ellison concluded that attorney's fees related to Zurich's counterclaim regarding a duty to indemnify were not properly considered part of the amount in controversy. See id. at *2-4.

Zurich filed a second Notice of Removal March 24, 2011, again based on diversity jurisdiction.[2] Zurich asserts that changes in the Underlying Litigation since its last attempt at removal have made clear that the amount in controversy based on its duty to defend alone exceeds $75,000.00 due to the aggregation of attorney's fees that so far have been and likely will be incurred in the Underlying Litigation.[3] Weaver again moves to remand,

---

[1] Document No. 1, ex. C at 3.

[2] Document No. 1.

[3] See id. at 1-2.

requests sanctions, and moves to strike the affidavit of Zurich's attorney's fees expert.[4]

## II. Standard of Review

A defendant may remove to federal court a civil action over which the federal court has diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441(b). Federal district courts have diversity jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." Id. § 1332(a). When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing jurisdiction and the propriety of removal rests upon the defendant. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992). Any doubt as to the propriety of the removal must be resolved in favor of remand. *See* Walters v. Grow Grp., Inc., 907 F. Supp. 1030, 1032 (S.D. Tex. 1995).

## III. Discussion

Here, as before, the proper measure of the amount in controversy is the amount of attorney's fees that Weaver will incur in defending himself in the Underlying Litigation, as that is the

---

[4] Document No. 5.

amount for which Zurich could be held liable if Weaver obtains the declaratory relief that he seeks. *See* Weaver I, 2010 WL 3910053, at *1-2.

However, as noted, this is the second time Zurich has removed this case based upon its assertion that the amount in controversy requirement is met so as to establish diversity jurisdiction. While "[t]he Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand," a subsequent removal cannot be based upon the same ground--that is, the same "pleading or event that made the case removable." S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996). But "[i]f the defendant raises a new factual basis, the new factual basis is not deemed adjudicated with the [prior] remand order and, therefore, is not barred by res judicata." Id. at 493.

Zurich, in its Notice of Removal, asserts the following ground as a basis for its second removal:

> As seen in the [Underlying Litigation's] Fourth Amended Petition, the nature of the underlying case has shifted from the time of the first removal from a case of simple breach of fiduciary duty, to a complex, nationwide scheme designed to defraud investors of their money. The number of witnesses one can reasonably anticipate, as well as the large number of documents already seen in production indicate that this is a far larger, and far more expensive case, than it was on May 20, 2010 at the time of removal.[5]

---

[5] Document No. 1 at 1-2.

Weaver counters that the nature of the Underlying Litigation has *not* changed since the initial removal because "[t]he basic facts of the claim in all of the petitions have never changed from the inception of this case." The Court agrees.

The only documentation Zurich has submitted wholly fails to show that the nature of the Underlying Litigation has changed since Zurich first removed this action. Zurich proffers two affidavits-- one from its attorney regarding discovery undertaken in the Underlying Litigation,[6] and one offering expert opinion testimony on attorney's fees.[7] It also provides a series of invoices from Weaver's defense counsel in the Underlying Litigation, which both parties agree show a total of approximately $27,273[8] billed to Weaver through September 28, 2010. Nothing in the invoices themselves evidences a change in the course of the Underlying Litigation since Zurich's last removal, and Zurich makes no showing that the $27,273 in fees for defense through September 28, 2010 were higher than expected. Zurich otherwise relies upon conjecture about the future course of the Underlying Litigation to come up with enough future defense costs to meet the amount in controversy requirement, but Zurich provides no meritorious basis from which to

---

[6] Document No. 1, ex. D (Cooper Aff.).

[7] Id., ex. G (Culpepper Aff.).

[8] Document No. 6 at 3; Document No. 7 at 5; *see also* Document No. 1, ex. F.

conclude that those future expenses (for presumed necessities such as trial, document review, communications, and mediation) are greater than those expenses previously were anticipated to be when the case was first removed.

The Court has carefully compared the Fourth Amended Petition in the Underlying Litigation, which was the live pleading when Zurich removed this case for the second time, with the Third Amended Petition, which was the live pleading when the first removal and remand occurred.  There is no significant difference in the basic facts pled in both pleadings.[9]  Zurich's assertion that the Fourth Amended Petition exhibits a change "from a case of simple breach of fiduciary duty, to a complex, nationwide scheme designed to defraud investors of their money," is at best a gross exaggeration.[10]  The underlying plaintiffs' allegations relating to Weaver's alleged sale of a particular kind of life insurance policy known as a Stranger-Owned Life Insurance Policy ("SOLI" or "STOLI"), were contained in *all* petitions in the Underlying Litigation, including both the Third and Fourth Amended Petitions.  In fact, contrary to Zurich's assertion in its Notice of Removal that the Fourth Amended Petition shows that the Underlying

---

[9] *Compare* <u>Keri Tedford a/n/f Teddy Ashford v. Wayne Weaver and First Fin. Res., LLC</u>, No. 2009-11223 (165th Dist. Ct., Harris County, Tex. filed Feb. 23, 2009), Image No. 45222180 (Plaintiffs' Third Am. Pet.) *with* <u>id.</u>, Image No. 46269576 (Plaintiffs' Fourth Am. Pet.).

[10] Document No. 1 at 1-2.

Litigation "has shifted . . . from a case of simple breach of fiduciary duty," the truth is that it is the Fourth Amended Complaint that *adds* a claim for breach of fiduciary duty. Perhaps recognizing its gross misstatement, Zurich takes a new tack in its response to Weaver's remand motion by expansively claiming that, "[w]ith the new causes of action, it is apparent that the underlying case becomes more complex and sophisticated as the underlying plaintiff unravels the intricacies of Weaver's STOLI scheme."[11] This conclusory statement is nothing more than the *ipse dixit* of Zurich, with no cogent reason given to explain why Weaver's likely defense cost will escalate beyond that previously anticipated simply because of the relatively minor additions made in the Fourth Amended Petition.[12]

The affidavit opinion of Defendant's expert on attorney's fees, Thomas A. Culpepper, that Weaver's defense costs will likely exceed $75,000, suffers from similar defects. Culpepper states he has expertise in "defending insurance agents and brokers in litigation involving allegations substantially similar to those in the [Underlying] Litigation," and claims that he "can predict the course of such litigation . . .," etc. He declares that he has

---

[11] Id. at 7.

[12] Plaintiffs have since filed a Fifth Amended Petition, but removal jurisdiction must be determined as of the time of removal-- here, March 24, 2011. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

"reviewed" the Fourth Amended Petition in the Underlying Litigation and relates some of its allegations about Weaver and the SOLI policies. Culpepper, however, does not claim to have read the Third Amended Petition or any other prior pleading in the Underlying Litigation, and offers no basis whatever for the Court to conclude that any new facts have emerged or any new ground for removal have been found since Judge Ellison remanded the case. Culpepper's claimed expertise about cases against brokers and his predictive powers, and his opinion, could all just as well have been presented to Judge Ellison, especially given the fact that the Underlying Litigation was substantially the same at the time of the first remand. Culpepper's opinion at this time is therefore deserving of no particular weight.

Given the substantial similarity of the allegations in the Third and Fourth Amended Petitions, and the identical substantive core of the case in both, and absent justification for finding any significant difference between the two, the Court finds that the nature of the Underlying Litigation has not materially changed such as to provide a new ground for removal. *See* Walters, 907 F. Supp. at 1032 ("Any doubts concerning the propriety of removal should be resolved in favor of remand.").[13]

---

[13] Because of this conclusion, the Court need not address Weaver's request to strike the affidavit of Zurich's attorney's fees expert.

Moreover, the Court finds that Zurich's second removal was taken carelessly, premised on a demonstrably erroneous reading of the Fourth Amended Petition in the Underlying Litigation, and had no objectively reasonable foundation. For these reasons, Weaver is entitled to recover from Zurich his "just costs and any actual expenses, including attorney fees," incurred as a result of this removal. 28 U.S.C. § 1447(c); Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005) (requiring that the removing party lack "an objectively reasonable basis for seeking removal" for an award of attorney's fees under section 1447(c)). The question is not, as Zurich suggests, whether it was objectively reasonable to believe that the actual amount in controversy will exceed $75,000.00, but rather whether Zurich had an objectively reasonable new factual basis for this belief that had not been adjudicated by Judge Ellison when he remanded the case the first time. As has been seen, there was no new ground for removal.

## IV.  Order

Accordingly, it is

ORDERED that Plaintiff Wayne Weaver's Motion for Remand and Motion for Sanctions (Document No. 5) is GRANTED, and this case is REMANDED to the 11th Judicial District Court of Harris County, Texas.  It is further

ORDERED that Plaintiff Wayne Weaver shall have and recover from Defendant Zurich Insurance Company his reasonable and

necessary fees and costs incurred in successfully moving for this second remand. The parties are encouraged in good faith promptly to agree upon the amount of such fees and costs, and to pay and acknowledge receipt of the same, but, if they fail to do so, then within fourteen (14) days after the entry of this Order Weaver shall file his application and verified proof of the amount of reasonable and necessary fees and costs he incurred in successfully moving for this remand.[14] Zurich may file a response thereto within seven (7) days after being served with Weaver's application.

The Clerk will mail a certified copy of this Order to the Clerk of the 11th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 7th day of September, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[14] See Coward v. AC & S., Inc., 91 F. App'x 919, 922 (5th Cir. 2004) (holding that "a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified").